UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JESUS QUINTANILLA,

        Petitioner,        Case No. 1:06-cv-684

v.        Honorable Gordon J. Quist

THOMAS K. BELL,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 126 S. Ct. 1675, 1684 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

    I.    <u>Factual Allegations</u>

Petitioner is presently incarcerated at the Carson City Correctional Facility. After pleading guilty, Petitioner was convicted in Kent County Circuit Court of possession with intent to deliver/manufacture more than 225 grams of cocaine but less than 650 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(ii), and a "probation violation" for altering license plates and/or possessing false license plates, MICH. COMP. LAWS § 257.257.[1] On September 10, 2002, the trial court sentenced him to seventeen to thirty years' incarceration for the possession conviction and one to five years for the probation violation. On January 14, 2005, the Michigan Court of Appeals dismissed Petitioner's delayed application for leave to appeal because Petitioner failed to file the appeal within the time period required by Michigan Court Rule 7.205(F)(3)[2]. The Michigan Supreme Court denied Petitioner's application for leave to appeal on September 21, 2005. Petitioner raised the following claims in the appellate courts:

    I.    THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [PETITIONER'S] MOTION TO WITHDRAW HIS PLEA, WHERE SAID PLEA OCCURRED WITHIN 48 HOURS AFTER COUNSEL WAS RETAINED, WHERE THERE EXISTS NO LAB REPORT AT THE TIME [PETITIONER] PLEAD [SIC] GUILTY TO VERIFY THE EXACT AMOUNT OF SUBSTANCE AT ISSUE, WHERE THE PRELIMINARY EXAMINATION WAS WAIVED WITHOUT THERE EVEN BEING A LAB REPORT, AND WHERE IT APPEARS FROM THE RECORD ITSELF, THAT [PETITIONER'S] PLEA WAS NEITHER VOLUNTARY NO[R] INTELLIGENTLY MADE, AND FURTHER WHERE IT APPEARS THAT

---

[1] Petitioner's application for habeas relief failed to provide specific information regarding his convictions and sentences. Therefore, the Court retrieved pertinent information from the Michigan Department of Corrections Offender Tracking Information System at http://www.state.mi.us/mdoc/asp/otis2.html.

[2] Michigan Court Rule 7.250(F)(3) requires that a delayed application for leave to appeal be filed within twelve months after the entry of a final judgment. A final judgment pertains to "the original sentence imposed following conviction" in a criminal case. MICH. CT. R. 7.202(6)(b)(ii).

COUNSEL'S REPRESENTATION WAS INEFFECTIVE AND THE TERMS & DUTIES RELATED TO THE PLEA OFFER, UNCLEAR.

II. [PETITIONER] IS ENTITLED TO RESENTENCING BECAUSE HE SHOULD HAVE BEEN RESENTENCED UNDER THE NEW AMENDMENTS TO THE DRUG SENTENCING LAWS.

III. [PETITIONER'S] APPLICABLE SENTENCING GUIDELINES SHOULD BE CORRECTED TO REFLECT A TRUE AND ACCURATE SCORING DUE TO AN INACCURATE SCORING.

Pet. at ¶ 10.

Petitioner filed a motion for relief from judgment in the Kent County Circuit Court on September 29, 2006. In his motion, Petitioner raised the following grounds for relief:

I. THE RECENT AMENDMENTS TO MCL 333.7401(2)(A)(ii), MCL 791.234, AND CONTINUED SERVICE OF [PETITIONER'S] SENTENCE CONSTITUTES A VIOLATION OF PROPORTIONALITY AND A DENIAL OF [PETITIONER'S] (1) EQUAL PROTECTION OF THE LAWS, UNDER U.S. CONST, AM XIV: CONST. 1963 ART 1, § 2; AND/OR (2) MICHIGAN PROHIBITION AGAINST CRUEL OR UNUSUAL PUNISHMENTS, CONST 1963, ART 1, § 16.

II. [PETITIONER'S] LAB REPORT WAS HEARSAY AND SHOULD BE SUPPRESSED, BECAUSE THE COURT RELYING ON THIS INFORMATION VIOLATED [PETITIONER'S] DUE PROCESS RIGHTS UNDER THE 14TH AMENDMENT TO THE US [SIC] CONSTITUTION.

III. THE TRIAL COURT HAD NO FACTUAL BASIS TO ACCEPT THE GUILTY PLEA AND THE PROSECUTOR FAILED TO PRESENT PROPER EVIDENCE OF THE AMOUNT OF COCAINE IN THIS CASE; ADDITIONALLY [PETITIONER'S] STATEMENTS TO POLICE WERE EXCITED UTTERANCE HEARSAY.

IV. THE TRIAL COURT ERRORED [SIC] BY IGNORING THE LEGISLATIVE SENTENCING GUIDELINES WHICH IT WAS REQUIRED TO CONSIDER AND SENTENCED [PETITIONER] TO 1[7]-30 YEARS AND 1-5 YEARS, ALSO THE LEGISLATIVE SENTENCING GUIDELINES APPLY TO SENTENCES IMPOSED AFTER PROBATION VIOLATION, AND IF NOT, ALL LEGISLATIVE GUIDELINES PERMIT APPLICATION OF THE PEOPLE V MILBOURN, 135 MICH 630 (1990),

        PROPORTIONALITY PRINCIPLES IN SUCH SITUATIONS. [HENDRICK, SUPRA AT 918.].

V. [PETITIONER'S] ITEMS SEIZED FROM HIS RESIDENCE SHOULD BE SUPPRESSED BECAUSE THEY WERE DESTROYED AND NOT PRESERVED FOR TRIAL OR APPELLATE REVIEW WHICH VIOLATED MCL 780.655.

VI. THE ITEMS SEIZED FROM [PETITIONER'S] RESIDENCE SHOULD HAVE BEEN SUPPRESSED DUE TO THE FACT THE POLICE NEVER FURNISHED A SEARCH WARRANT, OR AFFIDAVIT, TO [PETITIONER] BEFORE, DURING, OR AFTER THE SEARCH OF [PETITIONER'S] RESIDENCE; AND, WHERE POLICE DID NOT PROVIDE [AN] AFFIDAVIT ON BEHALF OF MCL 780.655.

VII. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [PETITIONER'S] MOTION TO WITHDRAW HIS PLEA, WHERE SAID PLEA OCCURRED WITHIN 48 HOURS AFTER COUNSEL WAS RETAINED, WHERE THERE EXISTS NO LAB REPORT AT THE TIME [PETITIONER] PLED GUILTY TO VERIFY THE EXACT AMOUNT OF SUBSTANCE AT ISSUE, WHERE THE PRELIMINARY EXAMINATION WAS WAIVED WITHOUT THERE EVEN BEING A LAB REPORT, AND WHERE IT APPEARS THAT COUNSEL'S REPRESENTATION WAS INEFFECTIVE AND THE TERMS & DUTIES RELATED TO THE PLEA OFFER, UNCLEAR.

VIII. [PETITIONER] IS ENTITLED TO RESENTENCING BECAUSE HE SHOULD HAVE BEEN RESENTENCED UNDER THE NEW AMENDMENTS TO THE DRUG SENTENCING LAWS.

IX. THE TRIAL COURT ERRONEOUSLY DENIED CORRECTING THE INACCURATE SCORING OF [PETITIONER'S] SENTENCING GUIDELINES TO REFLECT A TRUE AND ACCURATE SCORING.

X. [PETITIONER] WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL WHERE HIS ATTORNEYS DID NOT RAISE THE ABOVE ISSUES, BEFORE, DURING, OR AFTER HIS APPEAL BY LEAVE OR POST CONVICTION MOTIONS.

Pet. at ¶ 10(D).  Petitioner's motion for relief from judgment is currently pending in the state courts.

On September 20, 2006, Petitioner filed a "protective petition" (docket #1) in this Court requesting

his application for habeas relief to be held in abeyance while pursuing his state remedies in accordance with *Rhines v. Weber,* 544 U.S. 269 (2005).

### II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[3] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001)

---

[3] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

(limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 544 U.S. 353, 357 (2005). Under that provision, the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review", whichever comes later. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Wilberger v. Carter,* 35 F. App'x 111, 114 (6th Cir. 2002). As Petitioner pled guilty, he cannot appeal his conviction by right under Michigan Court Rule 7.204(A)(2)(c). Rather, he may only appeal by leave to the Michigan Court of Appeals pursuant to Michigan Court Rule 7.205(F). *See Halbert v. Michigan,* 125 S. Ct. 2582, 2588 (2005). Under Michigan Court Rule 7.205(F)(3), a petitioner has twelve months after his sentence to file a delayed application for leave to appeal a circuit court decision. The circuit court sentenced Petitioner on September 10, 2002. Petitioner's conviction therefore became "final" for purposes of § 2244(d)(1)(A), one year after Petitioner's sentencing, when the time limit expired pursuant to Michigan Court Rule 7.205(F)(3) on September 11, 2003. *See Jagodka v. Lafler,* 148 F. App'x 345, 346 (6th Cir. 2005). Accordingly, Petitioner had one year from September 11, 2003, until September 11, 2004, to file his habeas application. Petitioner filed his "protective" habeas petition on September 20, 2006. As he filed his habeas petition more than two years after the statute of limitations expired, his application for habeas relief is time-barred.

Petitioner filed a delayed application for leave to appeal in the court of appeals on December 28, 2004,[4] approximately three months after the expiration of the statute of limitations on September 11, 2004. The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal as untimely under Michigan Court Rule 7.205(F)(3) on January 14, 2005. The Michigan Supreme Court also denied Petitioner's application for leave to appeal on September 21, 2005. This Court finds that Petitioner's delayed application for leave to appeal in the Michigan Court of Appeals failed to restart the clock under § 2244(d)(1)(A) in accordance with *Searcy v. Carter,* 246 F.3d 515 (6th Cir. 2001). In *Searcy,* the petitioner filed a motion for a delayed appeal with the Ohio Supreme Court after his AEDPA time limit for federal habeas review expired. *Id.* at 516-17. After the Ohio Supreme Court denied his motion, the petitioner filed a federal habeas petition, which the district court dismissed as untimely. *Id.* On appeal, petitioner argued that Ohio delayed appeals are a part of direct review, therefore restarting the time limitation under § 2244(d)(1)(A). *Id.* at 518. The court rejected that argument, stating:

> This is a position that we cannot endorse, because it would effectively eviscerate the AEDPA's statute of limitations. Leave to file a late notice of appeal can be sought at any time, even many years after conviction. If the one-year period of limitations did not begin to run until such an application for leave to appeal was denied, the one-year statute of limitations would be meaningless; merely by delaying his application for leave to file a late notice of appeal, a petitioner could indefinitely extend the time for seeking habeas relief. The statute of limitations provision of the AEDPA would thus be effectively eliminated, a clearly unacceptable result.

*Id.* at 519 (quoting *Raynor v. Dufrain*, 28 F.Supp.2d 896, 898 (S.D.N.Y. 1998)). The *Searcy* court held that while a motion for a delayed appeal may toll the running of the one-year statute of limitations, it does not cause the statute to begin running anew when the state court denies the

---

[4]Petitioner failed to provide specific information regarding his appellate court filings in his application for habeas relief. The Court therefore obtained information regarding his appellate court filings from the Michigan Court of Appeals website at http://www.courtofappeals.mijud.net for court of appeals docket number 259904.

delayed appeal. *Id.* at 519. Accordingly, Petitioner's delayed application for leave to appeal in the Michigan Court of Appeals did not restart the clock under § 2244(d)(1)(A).

Petitioner also filed a motion for relief from judgment on September 29, 2006[5] that is still pending in the state courts. While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because Petitioner's one-year statute of limitations period expired in 2004, his motion for relief from judgment filed on September 29, 2006 did not serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. Apr. 28, 2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Rashid v. Khulmann*, 991 F. Supp 254, 259 (S.D. N.Y. 1998); *Whitehead v. Ramirez-Palmer*, No. C 98-3433 VRW PR, 1999 WL 51793 (N.D. Cal. Feb. 2, 1999). Even where the postconviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon v. Sherman*, 329 F.3d 490 (6th Cir. 2003)).

The one-year limitation period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 543 U.S. 865 (2004); *Jurado,* 337 F.3d at 642; *Griffin v. Rogers*,

---

[5]The Court obtained information regarding Petitioner's motion from relief for judgment from the docket sheet of Kent County Circuit Court case number 02-5771-FH.

308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. In *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 126 S. Ct. at 1684. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  December 13, 2006              /s/ Hugh W. Brenneman, Jr.
                                       Hugh W. Brenneman, Jr.
                                       United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).