UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESUS QUINTANILLA,

      Petitioner,                                      Case No: 1:06-cv-684

v                                                         HON. JANET T. NEFF

THOMAS K. BELL,

      Respondent.
      _____/

**<u>FINAL ORDER</u>**

      This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation on December 13, 2006, recommending that this Court deny the petition because it is barred by the statute of limitations, 28 U.S.C. § 2244(d)(1). The matter is presently before the Court on Petitioner's objection to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which an objection has been made. The Court denies the objection.

      Petitioner argues that the Magistrate Judge overlooked his motion for resentencing pending in circuit court and therefore erred in calculating the time allotted for filing in federal court. Obj. ¶ 6.

      Petitioner's argument is without merit.

      If a defendant files a motion for resentencing in the trial court before filing a claim of appeal, then the time for taking the appeal as of right runs from the denial of the motion. MICH. CT. R. 7.204(A)(2)(d). However, a motion for resentencing does not automatically toll the 12-month period

for filing an application for leave to appeal. See MICH. CT. R. 7.205(F). As the Michigan Court of Appeals noted in its January 2005 order dismissing petitioner's delayed application for leave to appeal, none of the exceptions found in MICH. CT. R. 7.205(F)(4) apply to his case. Therefore, contrary to petitioner's objection, the Magistrate Judge did not err in omitting discussion of the motion for resentencing in his statement of facts or analysis.

Having so determined, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issue raised. See *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable. A certificate of appealability will therefore be denied.

**THEREFORE, IT IS ORDERED** that the objection (Dkt 7) is DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 6) is APPROVED and ADOPTED as the opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED.


DATED:   May 12, 2008   /s/ Janet T. Neff
   JANET T. NEFF
   United States District Judge